UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS CALVIN TURNER AND REDACTED                               PLAINTIFFS
MINOR CHILD

V.                                         CIVIL ACTION NO. 3:25-CV-854-TSL-ASH

MERIDIAN PUBLIC SCHOOL DISTRICT OFFICE, ET AL.                  DEFENDANTS

REPORT AND RECOMMENDATION

Pro se Plaintiff Thomas C. Turner filed a motion for leave to proceed in forma pauperis on November 10, 2025. Mot. [2]. Because his motion appeared to be incomplete, the Court ordered Turner to provide clarification. Order [3]. Turner responded with a Motion of Clarification to Stay Order [4], which the Court has denied by separate order entered this date.

In its order directing Turner to clarify his IFP motion, the Court noted that (1) Turner claimed to have no income from any source and no assets; (2) while Turner purported to bring this lawsuit on behalf of a minor child, his application denied that anyone relied on him for support; and (3) Turner claimed to have no monthly expenses for housing, utilities, food, or anything else. In response to the Court's order, Turner chose to provide no clarification for how he survives with no income and no expenses or for how the minor child on whose behalf he brings this lawsuit survives without his financial support.

"There is no absolute right to be allowed to proceed *in forma pauperis* in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). In assessing an IFP motion, the Court "must examine the financial condition of the . . . applicant" and determine whether payment of the filing fee "causes undue financial hardship." *Prows v. Kastner*, 842 F.2d

138, 140 (5th Cir. 1988). "This entails a review of other demands on [an] individual plaintiff['s] financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Turner's IFP motion does not contain sufficient information for the Court to assess his financial condition and whether payment of the filing fee would cause undue financial hardship. Essentially, the Court knows nothing about Turner's financial condition, and he declined the Court's invitation to explain how it is that he has no income or expenses whatsoever. Because the Court is unable to determine whether Turner qualifies to proceed IFP, the undersigned recommends that:

1. Turner's IFP motion [2] be DENIED;

2. Turner be given 30 days from the entry of an Order adopting this Report and Recommendation to pay all costs associated with the filing of this lawsuit (the $350.00 filing fee plus the $55.00 administrative fee for a total of $405.00); and

3. Should Turner fail to timely pay all costs associated with the filing of this lawsuit as ordered, this matter be dismissed without prejudice and with no further notice.

**Notice of Right to Object**

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[1] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties

---

[1] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted, this the 1st day of December, 2025.

                                        s/ *Andrew S. Harris*
                                        UNITED STATES MAGISTRATE JUDGE